UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20941-CIV-KING
MAGISTRATE JUDGE P. A. WHITE

GLASTON A. S. HASSEL,

    Plaintiff,

v.

                      REPORT OF
                      MAGISTRATE JUDGE

MIAMI-DADE D.O.C., ET AL.,

    Defendants.

## I. Introduction

This Cause is before the Court upon Motions to Dismiss filed by the defendants Pevsner and Reiman. [DE#'s 34, 35].

On April 5, 2005, the plaintiff Glaston A.S. Hassel, currently incarcerated at the Opa-Locka Correctional Center, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 seeking monetary damages relating to the alleged violation of his constitutional rights while he was housed at the Dade County Stockade ("DCS"). [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 5].

The plaintiff named as defendants (1) "John Doe" Administrator of the Miami-Dade Corrections and Rehabilitation Department ("MDCR"); (2) "John Doe" Administrator of the DCS; (3) DCS Officer Mr. Dennis; (4) DCS "John Doe" Officers; (5) Jackson Memorial Hospital ("JMH"); (6-9) "John Doe" JMH Ward D Physician; JMH Orthopedist; JMH Radiologist; and JMH Casting Room Technician; and (10) "Jane Doe" JMH Physical Therapist. The plaintiff alleges that corrections officials at the DCS failed to protect him from detainees who they knew had threatened to physically assault the plaintiff, and the plaintiff was subsequently physically attacked and injured on April 4, 2003. The plaintiff further alleges that officials failed to provide

medical care by delaying emergency treatment for three days for his broken hand and finger he suffered from the assault. The plaintiff further alleges that JMH failed to provide proper medical care, and as a result his hand and finger healed in a deformed and permanently painful manner with significant loss of dexterity.

The Undersigned issued a Preliminary Report [DE# 9] recommending that the claims against the defendants Jackson Memorial Hospital, "John Doe" Administrator of the MDCR and "John Doe" Administrator of the DCS be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) because they fail to state a claim on which relief may be granted; and the case remain pending against Mr. Dennis for the purpose of discovery only and the claims remain pending against the remaining "John Doe" and "Jane Doe" defendants. The Honorable James Lawrence King issued an Order adopting the recommendations of the Preliminary Report. [DE# 13].

Following several attempts to serve defendants, the complaint was successfully served on N. Henry Pevsner and Steven Reiman, formerly "Doe" defendants. [DE#'s 38, 39].

The defendants Pevsner and Reiman move to dismiss the complaint on the following grounds:

1. The plaintiff has failed to state a claim for relief because he has failed to allege how either defendant acted with deliberate indifference to his serious medical needs;

2. The plaintiff is barred from recovery of damages pursuant to 42 U.S.C. §1997e(a) because he has failed to exhaust his administrative remedies; and

3. The defendants are entitled to qualified immunity.

II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11 Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11 Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The defendants' argument that the complaint should be dismissed because the plaintiff has failed to allege that he has exhausted his administrative remedies with regard to the claims remaining in this civil action is dispositive of this case. The plaintiff indicates in his complaint that he did not exhaust his administrative remedies because he was incarcerated at the Okeechobee Correctional Institution, and the alleged unconstitutional actions did not occur there.

The Prison Litigation Reform Act of 1995 ("PLRA"), as enacted on April 26, 1996, significantly altered a prisoner's right to bring civil actions in forma pauperis, and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement.

Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides:

(a) Applicability of administrative remedies

3

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The types of claims which fall within the purview of the statute are not limited to physical conditions encountered within the inmate's cell such as heating or cooling, limited space, or squalor. The kinds of claims raised by the plaintiff (endangerment and denial of medical care) in this case come under the statute. The Courts have held that a wide spectrum of claims constitute "prison conditions" for purposes of §1997e. See Harper v. Jenkin, 179 F.3d 1311 (11 Cir. 1999) (prisoner medical claims); Booth v. Churner, et al., 206 F.3d 289 (3 Cir. 2000) (case involving excessive force by guards; in which the Court held that for purposes of the PLRA, conditions of confinement-- in addition to complaints about things such as overcrowding, inadequate medical facilities, and inadequate law library facilities -- also include denial of food, denial of heating, and denial of medical attention, because all such actions "affect the lives of prisoners similarly," and "make their lives worse"); La Vista v. Beeler, 195 F.3d 254 (6 Cir. 1999) (affirming district court's dismissal for lack of exhaustion of administrative remedies, where complaint alleged inter alia, denial of medical care, sexual harassment, sexual assault, and destruction of personal property and retaliation during incarceration at FMC-Lexington); Wendell v. Asher, 162 F.3d 887, 891-92 (5 Cir. 1998) (claims, including use of force); Moore v. Smith, 18 F.Supp. 1360 (N.D.Ga. 1998) (abuse or excessive force by institutional officers).

Satisfaction of the exhaustion requirement is generally treated as a threshold issue, since the statutory mandate requires an inmate to have fully exhausted his or her available administrative remedies before bringing suit on a claim in federal court. See Alexander v. Hawk, 159 F.3d 1321 (11 Cir. 1998); Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). As discussed herein, the lack of exhaustion argument raised by the defendant pursuant to the PLRA, 42 U.S.C. §1997e(a), is dispositive of any claims in this case.

The defendants are correct in arguing that under the PLRA exhaustion provision, 42 U.S.C. §1997e(a), as to each of his remaining claims, the plaintiff is required to have fully exhausted his available administrative remedies prior to filing suit in federal court. See Porter v. Nussle, 534 U.S. 516 (2002); Alexander v. Hawk, 159 F.3d 1321 (11 Cir. 1998).[1]

---

[1] The current exhaustion requirement under §1997e(a) was designed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating need for litigation. Porter, 534 U.S. at 516-17. In other instances, the internal review may filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. Id. at 517.

The term "available," as used in Section 1997e(a), does not mean that prison inmates must only exhaust their administrative remedies if the type of relief they seek is "available" within the administrative apparatus; instead, the term means that a prisoner must exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. Alexander v. Hawk, supra at 1325-26; Harris v. Garner, supra at 1286. This means that an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all of her administrative remedies before filing suit, even if money damages are not available as relief through the jail/prison grievance procedure. Alexander, supra; Moore v. Smith, 18 F.Supp.2d 1360, 1364 (N.D.Ga. 1998).

The Eleventh Circuit has held that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," Alexander v. Hawk, supra, 159 F.3d at 1325-26; Harris v. Garner, supra at 1286. Where exhaustion is now a precondition to suit "the courts cannot simply waive those requirements where they determine that they are futile or inadequate," since "such an interpretation would impose an enormous loophole in the PLRA which Congress clearly did not intend," and because "[m]andatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply," Alexander, supra, at 1326 [citing, Weinberger v. Salfi, 422 U.S. 749, 766 (1975) (holding that where exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement...may not be dispensed with merely by a judicial conclusion of futility")]. Cf. Qawi v. Stegall, et al., 211 F.3d 1270 [table case, published on Westlaw], No. 98-1402, 2000 WL 571919, at *1-2 (6 Cir. (Mich) May 3, 2000) (Circuit Court affirming district Court's dismissal of the complaint for lack of exhaustion, and noting that the dismissal was appropriate even though by time of the appeal the plaintiff's administrative remedies might have become time-barred) (citing Hartsfield v. Vidor, 199 F.3d 305, 309 (6 Cir. 1999); and Wright v. Morris, 111 F.3d 414, 417, n.3 (6 Cir. 1997)).

The Courts have held that with enactment of the PLRA, 42 U.S.C. §1997e(a), as amended,

It appears that the plaintiff either is admitting that he has not attempted to exhaust his administrative remedies or that it was futile to do so. In either event, the apparent lack of exhaustion forecloses the plaintiff's ability to pursue this litigation at this time.

It is therefore recommended that the defendants' motions to dismiss the complaint for lack of exhaustion of administrative remedies be granted, and the case be dismissed without prejudice. Accordingly, it is not necessary to analysis the remaining arguments in the defendants' motions to dismiss.

### III. Recommendation

For the reasons specified in the foregoing,

It is recommended that:

1.      The defendant Pevsner's Motion to Dismiss [DE# 34] be granted;

---

requires that a prisoner must have taken the appropriate procedural steps to exhaust his administrative remedies, i.e., that the prisoner must have exhausted the available administrative processes before bringing suit in federal court. Booth v. Churner, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief, and the statute provides that one must;" and further holding that "we think that Congress had mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures"); Miller v. Tanner, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983); Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir. 1999) (rejecting plaintiff's argument that his administrative remedies should be deemed exhausted since his grievance was denied as untimely and any appeal therefrom would necessarily be denied; and affirming dismissal of civil rights suit for failure to satisfy mandatory exhaustion requirements, and in doing so holding that the appellant could not be considered to have exhausted his administrative remedies where he had not sought leave to file an out-of-time grievance, since to find otherwise would allow an appellant to simply ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance).

2. The defendant Reiman's Motion to Dismiss [DE# 35] be granted; and

3. This civil action be dismissed without prejudice due to the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 27th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Glaston A.S. Hassel, Pro Se
No.M43796
Opa-Locka Correctional Center
5400 N.W. 135th Street
Opa-Locka, FL 33054

Oren Rosenthal, Esq.
Assistant Miami-Dade County Attorney
Stephen P. Clark Center
Suite 2810
111 N.W. 1st Street
Miami, FL 33128-1993